**06 CIV. 1571**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUZANNE BITTON,

                        Plaintiff,         **COMPLAINT**

-against-

                                        Case No:

LEGEND ELECTRONICS, INC., ACE ELECTRONICS,
INC., and MATI BEN AVI,              **Plaintiff herein demands a jury trial.**

                      **BRIEANT**

                        Defendants.
-----------------------------------------------------------------X

Plaintiff, SUZANNE BITTON (hereinafter alternately referred to as "Plaintiff" or "BITTON"), by her attorneys, the LAW OFFICES OF JONATHAN M. COOPER, complaining of the defendants, alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.    The Court's original jurisdiction herein is founded upon diversity of citizenship and that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff is a resident of the State of Florida, and the defendants are an individual, whose residence is in a State other than Florida, and business entit(ies) whose principal place of business and State of Incorporation are in a State other than the State of Florida.

2.    Pursuant to 28 U.S.C. §1391, venue is proper in the Southern District of New York, as same is the district within which defendants are subject to personal jurisdiction, and same is the venue within which the complained of acts occurred.

## **FACTUAL ALLEGATIONS**

3. That in or about June, 1997, plaintiff was engaged by defendants, jointly and severally, as an at will employee, more particularly, as a "commission salesman" as defined by New York Labor Law §190(6).

4. In the alternative, that in or about June, 1997, plaintiff was engaged by defendants, jointly and severally, as an at will employee, more particularly, as a "sales representative" as defined by New York Labor Law §191-c.

5. That at all times hereinafter mentioned, defendant MATI BEN AVI was the President and Secretary or other officer of LEGEND ELECTRONICS, INC. and ACE ELECTRONICS, INC., both corporations organized and existing under the laws of the State of New York.

6. That pursuant to the terms and conditions of an agreement made by defendants with plaintiff, defendants were required to make certain payments of salary and/or commissions to plaintiff during the time that she remained within defendants' employ and/or under the agreement she had with defendants.

7. That plaintiff performed her duties pursuant to said agreement, and provided valuable services for defendants.

8. That for the period of August 31, 2000 through January 24, 2001, defendants negligently and/or willfully failed to pay plaintiff the amounts required to be made pursuant to said agreement, and are in default to plaintiff in an amount totaling approximately $304,353.78.

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff re-states and re-alleges each and every allegation in the Complaint as if set forth in full herein.

10. That defendants breached their agreement with plaintiff by failing to pay plaintiff the sums owed her pursuant to the aforementioned employment agreement.

11. As a result, defendants are liable to plaintiff in breach of contract, and for all damages flowing therefrom to the extent allowed under New York law.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff re-states and re-alleges each and every allegation in the Complaint as if set forth in full herein.

13. That by failing to pay plaintiff the sums owed to her pursuant to her agreement with defendants, defendants were unjustly enriched.

14. As a result, defendants are liable to plaintiff in quantum meruit for services rendered.

## AS AND FOR A THIRD CAUSE OF ACTION

15. Plaintiff re-states and re-alleges each and every allegation in the Complaint as if set forth in full herein.

16. That at all times mentioned herein, New York Labor Law § 190(6) defined and still defines a "commission salesman" in pertinent part as follows:

> "Commission salesman" means any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions.

17. That at all times mentioned herein, New York Labor Law § 191(c) provided and still

provides that a commission salesman's wages (which include the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis) must be paid as follows:

> Commission salesman.--A commission salesman shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned; provided, however, that if monthly or more frequent payment of wages, salary, drawing accounts or commissions are substantial, then additional compensation earned, including but not limited to extra or incentive earnings, bonuses and special payments, may be paid less frequently than once in each month, but in no event later than the time provided in the employment agreement or compensation plan. The employer shall furnish a commission salesman, upon written request, a statement of earnings paid or due and unpaid.

18. That pursuant to New York Labor Law §190(c), defendants were required to pay plaintiff all wages owed to her within one month after they were earned.

19. That defendants have failed to make such payments.

20. As a result, defendants are liable to plaintiff herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

21. Plaintiff re-states and re-alleges each and every allegation in the Complaint as if set forth in full herein.

22. That at all times mentioned herein, New York Labor Law § 191-c provided and still provides that payment of a sales representative's wages are governed as follows:

> **§ 191-c. Payment of sales commission**
>
> 1. When a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated.
>
> 2. The earned commission shall be paid to the sales representative at the usual place of payment unless the sales representative requests that the commission be sent to him or her through the mails. If the commissions are sent to the sales representative by mail, the earned commissions shall be deemed to have been paid as of the date of their postmark for purposes of this section.

23. That defendants have failed to make such payments.

24. As a result, defendants are liable to plaintiff herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

    a) awarding plaintiff compensatory and consequential damages in amounts to be determined at trial, in an amount not less than $304,353.78, together with attorneys' fees, interest and costs; and,

    b) liquidated damages equal to twenty-five percent of the total amount of the wages found to be due, or, in the alternative, double damages of the total amount of payments found to be due,

    c) together with such other, further or different relief as this Court deems just and proper.

Dated: Cedarhurst, New York
       February 27, 2006

Yours, etc.,

LAW OFFICES OF JONATHAN M. COOPER
Attorneys for Plaintiff(s)

By: *[signature]*
Jonathan M. Cooper (JC 0560)
483 Chestnut Street
Cedarhurst, NY 11516
Tel: (516) 791-5700
Fax: (516) 791-8188